Victor Charles Fourstar, Jr. (#5813)
(full name/prisoner number)
Missoula County Detention Facility
2340 Mullan Road
Missoula, Montana 59808
(complete mailing address)

AUG 12 2025
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
____MISSOULA____ DIVISION

VICTOR C. FOURSTAR, JR. (a current,
on Backside);     Plaintiff(s), (Continued

vs.

MT. ATTORNEY GENERAL AUSTIN KNUDSEN,

MISSOULA CO. SHERIFF JERIMIHA PETERSON,

MCDF CASE MNGR. Lt. JOHN JOHNSON,

MCDF CASE MNGR. Lt. BENJAMIN HENRY,

MCDF Cpl. THOMAS BARNS,

MCDF Cpt. ERIC BROWN,

Defendant(s).
(Continued On Backside:)

Case No. _____
(to be assigned by Court)

**PRISONER CIVIL RIGHTS COMPLAINT: *BIVENS* CLAIM / WRIT OF HABEAS CORPUS**

Jury Trial Requested: ✓ Yes ___ No

## JURISDICTION

The United States District Court for the District of Montana has jurisdiction over my claims because they arise under a federal statute or the federal Constitution.

## PLAINTIFF

My name is Victor Charles Fourstar, Jr. I am a citizen of the State of Montana,

presently residing at Missoula, Montana - Missoula County Detention Facility.

(Defendants) Continued): MCDF GINA THOMPSON; ACTING SUPERINTENDENT-BUREAU OF INDIAN AFFAIRS-FORT PECK AGENCY JANIE MCKEE; SOCIAL SECURITY ADMINISTRATION CASE MNGR. SHERR C. COMPTON; MISSOULA CO. CLERK OF COURT JASMINE MIA; MISSOULA COUNTY PROBATION & PAROLE OFFICE; MONTANA CHEMICAL DEPENDENCY CENTER; SUPERVISOR OF MISSOULA CO. PRETRIAL ASSISTANCE TO SUPPORT SUCCESS; MCDF STAFF ROCKY KING; MCDF PA ANN KELLY; MISSOULA CITY MUNICIPAL COURT SUPERVISOR CLERK JOLEEN SUMMERFIELD; UNIVERSITY OF MONTANA-MONTANA BOARD OF REGENTS; MONT. VOC. REHAB. SUPERVISOR/COUNSER; YELLOWSTONE CO. JUDGE/SPECIAL MASTER DAVID A. CARTER; MISSOULA COUNTY-DEPUTY CO. ATTORNEYS WILLIAM HANEY & MATT JENNINGS; MISSOULA CO. JUDGE/MUNICIPAL JUDGE JANET HAGGON; MCDF RN LORI GREEN; TELE-PSYCH. SUSAN BROWN; GRIEVANCE CDO RICHTER.

(Plaintiff(s) Continued): Missoula City Municipal Court prison/Missoula Co. District Court pretrial detainee/former Federal prisoner/current federal pretrial detainee/former tribal court prisoner/former Montana state prisoner/current Montana state pre-trial detainee, religion: Native American traditions/culture (NATC) bi-sexual, not receiving disability claims/hearing; suffers oppressive conditions of confinement, coercive forced assimilation to Christianity, suffers inadequate medical care, retaliation, invidious animus, denial of rehabilitation, denial of Cobell awards for newly probated Indian lands, incorrect classification) a.) Dale M. Schrock (a caucasian state pretrial/prisoner not getting SSDI benefits for 6-months while a pretrial detainee, religion: Catholic, suffers oppressive conditions of confinement, denial of adequate medical & mental health care); b.) LOIS OGLE (a tribal/federal pretrial detainee, his religion is NATC, works in MCDF kitchen detail, suffers oppressive conditions of confinement, coercive forced assimilation to Christianity, denial of due process, access to the courts); c.) JASON WISESPIRIT (a tribal/federal pretrial detainee, MCDF kitchen worker, religion: NATC, suffers denial of due process and equal protection, animus); d.) KEVIN TROMBLEY (a tribal/federal pretrial detainee, suffers denial of due process, privacy, and equal protection); e.) DALE HALE (a caucasian bisexual state pretrial detainee for 16-months, denied adequate medical care for severe head trauma and knee pain, denied mental health care); f.) PEYTON MONTCLAIR (a 18-year old tribal/federal pretrial detainee who is homeless and removed from Montana Youth Challenge Program to face current federal charges and is ineligible for pretrial release because he is homeless and lacks transportation back to the Fort Peck Indian Reservation, his religion is NATC); g.) BRAD EVANS (a caucasian pretrial federal detainee, religion is Judeo Christian, has a epilepsy condition he does not receive adequate medical care for, suffers a incorrect classification); h.) SPENCER RICE (a caucasian state pretrial detainee, religion is Judeo christian, has severe life long learning and emotional disabilities and no longer receives SSI Disabilities benefits while a pretrial detainee, he erroneous classified); i.) CHUCHO GARFIELD LEFTY (Chucho is a 18-year old tribal/federal pretrial detainee who is an associate Sioux tribal member and ineligible for pretrial release/self surrender due to his erroneous and prejudicial classification, does not receive adequate medical and mental health care. Recently while a tribal jail detainee he was target by staff for excessive force by pepper spray, tased after existing the shower and shot with bean bag gun. Chucho has a painful under developed left leg medical condition and substance abuse); j.) JADEN COLLINS (a caucasian pretrial state detainee, religion: Mormon, has ADHD, Depression, substance abuse); k.) TRACY REILLY (a caucasian Texas state contract pretrial detainee who has both male and female sex organs by birth, suffers mental and homeless conditions - he was picked up on the street for failing to register under SVORA, religion Wiccan/Wicca); l.) LYLE OKA (a tribal/federal pre-trial who is from South Dakota and is scheduled for complete discharge of his federal sentence, religion: NATC, did not enjoy Cobell-award on newly inheridance of Indian Trust Land); m.) HAROLD KURTH (incorrectly classified, denied pretrial release. He is a Judeo Christian, denied medical care, had T.B. vacination forced on him); n.) ORLANDO BADONIE (is a Native American pretrial detainee from New Mexico. Been in Co. jail over a year. NATC religion)

## *Bivens* Claim

DEFENDANT'S NAME and TITLE (one only) <u>VICTOR CHARLES FOURSTAR, JR. - CLASS REPRESENTATIVE</u>

DEFENDANT'S EMPLOYER and WORKPLACE <u>Not Applicable / unemployed</u>

*You may bring a civil action for money damages for certain constitutional violations committed by **federal employees or their agents**. This type of claim is called a "Bivens" claim, which permits you to seek money damages from a federal employee or their agents, who, acting under color of federal law, deprived you of certain constitutional rights.*

*You must state facts alleging the following four elements: (1) the Defendant(s) were federal employees or their agents; (2) the Defendant(s) acted or purported to act in the performance of official duties under any federal law; (3) the Defendant(s)'s acts or failures to act deprived you of a particular constitutional right; and (4) the Defendant(s)'s acts or failures to act caused your damages or injury.* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, *403 U.S. 388 (1971).*

*You also must provide facts supporting the elements of the specific constitutional violation you allege. In other words, to prevail on a* Bivens *claim, you must prove each of the elements of your underlying constitutional claim (for example, the elements of an excessive force claim, a conditions of confinement claim, or a medical care claim) **AND** you must prove the four elements listed above.*

*Note that courts have limited the availability of* Bivens *claims. See* Ziglar v. Abbasi, *582 U.S. 120 (2017), and* Hernandez v. Mesa, *140 S. Ct. 735 (2020). The most recent Supreme Court decision discussing the scope of a* Bivens *claim "emphasized that recognizing a cause of action under Bivens is a 'disfavored judicial activity.'"* Egbert v. Boule, *142 S. Ct. 1793 (2022).* <u>Under Golden v. Fields, 606 U.S. ___, No. 24-809 (U.S. June 30, 2025) (citing Boule & Abbasi) the Plaintiffs' seek an extention of the Bivens case.</u> *The rest of this complaint form contains boxes for your answers. If you need more space, please attach an additional page or pages and write the question number(s) to which you are responding. Fill out all questions to the best of your ability. If you do not know or do not have the information you need to answer the question, state that and then move on to the next question.*

*If you name more than one Defendant, then you will need to copy and fill out pages with questions that ask for specific information about a particular Defendant. For example, if you name three Defendants, then fill out the questions that ask about the role and/or conduct of a specific Defendant a total of three times (once per Defendant).*

1. On this date <u>August 6, 2025</u>, at this place <u>Missoula County Detention Facility</u>, the Defendant violated this constitutional right: <u>Violations of Federal law through state law</u>, by doing the following:

> 1. This is a new context of federal Bivens action and Habeas Corpus containing special factors involving a cock- tail of parties, judicially created immunity doctrines, separation-of-powers claims, discrimination, privacy, association, equal protection of the laws, due process, right to counsel, speedy trial act, unreasonable search & seizure, double jeopardy claims. Damages provided for under State statutes §§ 1-1-109, 27-1-202, M.C.A. Right violated under Article II, Sections 10, 11, 17, and 24 of the Montana Constitution. Federal rights
> (CONTINUED ON BACKSIDE!)

violated under 1st, 4th, 5th, 6th, 8th, 10th, 14th, and the separation-of-powers doctrine of the U.S. Constitution. *Golden v. Fields*, 606 U.S. ___, No. 24-809 (U.S. June 30, 2025) (allowing a Bivens action case that presents "a new context" and where there are "special factors" indicating that "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing damages action to proceed," this analysis is anchored in "separation-of-powers principals," *Ziglar v. Abbasi*, 582 U.S. at 135 (2017))

2. The City, County, State, Federal judicial and executive defendants are listed on page 1 (front and back of the page). Hereafter "Defendants" in their individual and/or official capacities.

3. The Tribal, City, Missoula County contract pre-trial detainees contracted by the Federal/Tribal law-enforcement governments, Missoula County and other state contracted pretrial-prerevocation of probation detainees are listed on page 1 (front and back of the page). All are segregated from other inmates in Unit 1C at the Missoula County Detention Facility in Missoula, Montana. Hereafter "Plaintiffs".

4. This action brought by Plaintiff Victor C. Fourstar, Jr. (Fourstar) seeks class certification with other listed Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure, with request that Fourstar be allowed to proceed as class representative. Fourstar contends he has basic procedural experience in administrative, civil, tribal, state and Federal proceedings, to include this Court. Fourstar is currently in Missoula seeking an associates degree in the legal field at the College of Missoula. Of particular note relevant to these proceedings, Fourstar currently has a Tort action in this court and is represented by Missoula Bechtold Law Firm. A majority of herein Plaintiffs suffered similar circumstances as those complained of in said Tort while incarcerated the Fort Peck Tribal Adult Correctional Facility in Poplar, MT.

5. This action is unique in that it also seeks habeas corpus relief, correction and application of proper standards of evidence and care, global injunctive and declaratory relief, joinder of actions and transfer to the Montana Supreme Court where the class plaintiffs hope to seek the supervisory control pursuant to M.R. App. 14(3)(a)-(c) due to state-wide importance with national relevance and implications.

6. Fourstar and class plaintiffs proceed in this action on behalf of persons detained from June 8, 2025 - forward until the complained of acts and omissions by defendants are corrected at the Missoula County Detention Facility under the authority of Montana Attorney General Austin Knudsen and his subordinates/fellow defendants Jerimiah Peterson, John John, Jamie McKee, Benjamin Henry, Lori Green, CDO BARBRA Richter, et al., or during the pendency of this action who will be, preventively detained pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142(e) and State and Federal Civil Commitment statutes § 53-21-119(1), M.C.A. and 18 U.S.C. § 4248, respectively. Plaintiffs claim the defendants are enforcing or will be enforcing provisions under a prejudicial and incorrect standard of "clear and convincing evidence" under Section 53-21-126(2) and 18 U.S.C. § 4248, and that the standard of proof of a

(CONTINUED ON PAGE 3, Section 1)

1. (continued):

"medical certainty", §53-21-126(2), is ground in animus due to their religion, race, creed, sexual orientation, political affiliation, financial and housing status, disabilities, moral turpitude, charges and physical abnormalities. Bell v. Wolf, 441 U.S. 520, 527, n.6, 99 S.Ct. 1861, n.6, 60 L.Ed. 447 (1979); Dorwart v. Caraway, 2002 MT 340, 312 Mont. 1, 58 P.3d 128 (Mont. 10/31/2002); Dissent of J. Thomas in U.S. v. Comstock, 130 S.Ct. 1949, 176 L.Ed. 878, 560 U.S. 126 (2010); Dissent of Kagan in Trump v. Hawaii, Trump v. Hawaii, 138 S.Ct. 2392, 201 L.Ed. 775 (2018) (citing Free Exercise and "constitutional guarantees and mandates... even in the sphere of foreign affairs).

2. Defendant John Johnson denied Plaintiff's free exercise of religion violating their due process and breach of contract.

3. Defendants Richter and Kelly denied plaintiff's medical and mental health care, dental and eye care, COVID vaccines, Flu vaccines, Hep-C vaccines, H-Pylori treatment.

4. Defendants Johnson and MT P&PO denied Plaintiff correct classifications and subjected them to dangerous and oppressive conditions of confinement.

5. Defendants wrongful prevented Plaintiff's pretrial release and civil commitment or future commitment and caused shame, loss of reputation, denial of liberty, pain.

6. Defendants caused Plaintiff's denial of just compensation in Indian land parcels.

2. These are the injuries and/or damages I suffered or may suffer in the future (as a result of this particular Defendant's acts), and this is the monetary value of these damages:

1. Denial of procedural protections, e.g., J.S. v. And, 2017 MT 214, 401 P.3d 197, 388 Mont. 397 (Mont. 2017) (listing procedural mandates); e.g., Fort Peck Tribes v. First (Fort Peck Ct. of App. 1989) (citing ICRA rights set forth in 25 U.S.C. Section 1301(6),(8) (due process and speedy trial). Discrimination, shame, tainted reputations, denial of liberty, associations, free exercise, equal protection, privacy, unlawful search and seizure. The Plaintiff demand from the Plaintiffs $1.2 Billion in damages and $2.2 Billion in Punitive damages for unlawful pain and duress. §§1-1-109, 27-1-202, M.C.A., attorney fees and costs.

2. Defendants denied Plaintiff's free exercise of their religion, association, speech and due process causing them loss of identity, imposing forced assimilation, loss of hope and self esteem. Plaintiffs demand from the Plaintiffs $1.8 Billion in damages and $2.2 Billion in Punitive damages for unlawful pain and duress, and attorney fees and costs.

3. Defendants denied Plaintiff's medical and mental health care causing them severe pain and suffering, severe emotional pain and duress. Plaintiffs demand from defendants $1.2 Billion in damages and $2.2 Billion in Punitive damages for unlawful pain and duress, and seek attorney fees and costs.

4. Plaintiffs demand from Defendants $1.2 Billion in damages and $2.2 Billion in Punitive damages, attorney fees and costs.

5. Plaintiffs demand a fast & speedier release, injunctive & declaratory relief from Bail Reform Act and Civil Commitment statute, equitable tolling and relief, other, appointment counsel and class certification.

6. Plaintiff demand from Defendants $1.2 Billion in damages and $2.2 Billion in Punitive damages, attorney costs and fees. Ability to amend claims and finish other claims.

3. This is a brief list of the evidence (witnesses and documents) I now know of or possess that I intend to present at trial to prove all of the allegations above and a brief explanation of what it proves:

1. I am awaiting law enforcement contracts, Indian Land Probate proceedings and related documents, material tribal court, state court, federal court documents relating to my 1987 Fort Peck Tribal Juvenile Court proceedings of mine, 1992 Montana State court proceedings, 2002 federal court proceedings, 2022-2024 Fort Peck Tribal Court proceedings from Acting Superintendent Jamie McKee for Fort Peck Agency Bureau of Indian Affairs & M.I.P. Those are documents pursuant to Montana's Right to Know, State Constitution and the Freedom of Information Act. Those documents and proceedings are essential to my challenges to the standard of evidence "clear and convincing evidence" that is used to preventatively deny the requested class release under the Bail Reform Act, under the Civil Commitment proceedings that the requested all have as a common denominator. Those material contract issues are relevant to the requested class's ability to raise "separation-of-powers" claims. Those documents are further essential to this court's Abbasi and Bivens analysis. E.g., dissenting opinions in the U.S. Supreme Court's holdings in Hernandez v. Mesa, 140 S.Ct. 735, 206 L.Ed.2d 29 (2020) and U.S. v. Comstock, 130 S.Ct. 1949, 176 L.Ed. 878, 560 U.S. 120 (2010), opinion in Golden v. Fields, 606 U.S. ___, No. 24-809 (U.S. June 30, 2025). The documents are further ability of the requested class's ability to state a claim. e.g., Dorwart v. Conway, 2002 MT 240, 312 Mont. 1, 58 P.3d 128 (Mont. 10/31/2002) and §§ 1-1-109, 27-1-20, M.C.A.; right to individual privacy under Armstrong v. State, 1999 MT 261, 241, 989 P.2d at 376, 296 Mont. 361 (Mont. 1999); due process and equal protection under class's new Indian land claims under Cobell v. Kempthorne, remanded Cobell v. Salazar, 573 F.3d 808 (D.C.Cir.2009)

2. Prior medical, mental health, correctional facility records to show continued neglect in care and deterioration of conditions.

4. **If this is a claim against prison officials:** On these dates, June 8, 2025 - Present, this is what I did to exhaust my administrative remedies to bring this claim to the attention of supervisors or authorities before I included this claim in a federal civil rights lawsuit, and I am attaching the grievance forms and grievance appeals to this document, or explaining why I have not used the grievance process or attached the forms:

I am unable to enclose any grievance appeals because this facility does not provide individual postage stamps, thus I am limited to what I can fit in 1-first class prepaid First Class stamped envelope, thus I am required to file this Bivens-action and motion to proceed in forma pauperis in (2) two separate envelopes...

Further, I have sought to withdraw my guilty plea in the Municipal Court, and I am pretrial detainee in the Fourteenth Missoula County District Court, and thus far I haven't been provided with procedural mandates under 18 U.S.C. § 4248 and/or Title 53, chapter 21, MCA. Specifically, I was not provided with the statutory requirements of §§ 53-21-122 and 53-21-123, M.C.A (requiring an initial hearing, appointment of counsel and a friend, appointment of an independent professional person as defined in Sections 53-21-102 and 53-21-106, M.C.A. Thus, I am not a 'prisoner' by definition Title 42 U.S.C.. I have exhausted: No. 2025-861 Re: Denial of Notary; 2025-862 Re: Denial right to religious exercise; 2025-885 Re: Denial of Mental Health Care; 2025-727 Re: Denial of pain medication, denial of prescribed mental health medication Brupopion XL 150 Mg. 1/2 day. In the process of exhausting others, to include denial of COVID-vaccination, Flu vaccination, and other request re: "access to cultural meal and ceremonies" (Grievance Appeal # 2025-912 submitted on 8/6/25 contending "the contract has been breached in that I have not been supplied with my cultural derivatives... and ceremonies." Other issues still in the process of exhaustion, e.g. # 2025-916 re: Classification.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the Plaintiff in this action; that I have read this Complaint; that the information contained in this Complaint is true and correct (28 U.S.C. § 1746; 18 U.S.C. § 1621); and that this Complaint was placed in the prison mailing system or handed to the prison legal resource personnel for e-filing on July 6, 2025 .
(month, date, year)

_____
(signature of Plaintiff) Victor C. Fourstar, Jr.

_____
(signature of Plaintiff) Dale Mathew Schrock

### Forms for related claims (available in PDF format from District Court website):
- Conditions of Confinement claim
- Excessive Force claim
- Medical Care claim
- Retaliation claim

LIST OF PLAINTIFF(S) (CONTINUED):

_____
(signature of Plaintiff) Lois Ogle

_____
(Signature of Plaintiff) Jason WiseSpirit

_____
(Signature of Plaintiff) Kevin Trombley

_____
(Signature of Plaintiff) Dale Hale

_____
(Signature of Plaintiff) Payton Montclair

_____
(Signature of Plaintiff) Brad Evans

_____
(Signature of Plaintiff) Spencer Rice

_____
(Signature of Plaintiff) Chucho Garfield Sejey

_____
(Signature of Plaintiff) Jaden Collins

_____
(signature of Plaintiff) Tracy Reilly

_____
(Signature of Plaintiff) Lyle OKA

_____
(Signature of Plaintiff) Harold Kurth

_____
(Signature of Plaintiff) Orlando Badonie